IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN COOK, Individually and on Behalf of All Others Similarly Situated, | : : : | |
| Plaintiff, | : : | Case No. 1:19-cv-195 |
| v. | : : | Judge Dlott |
| THE OHIO NATIONAL LIFE INSURANCE COMPANY, et al., | : : : : | |
| Defendants. | : | |

**REPLY BRIEF OF DEFENDANTS IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF JUNE 28, 2019**

Defendants submit that, for the reasons discussed in their Motion to Dismiss and in their Objections to the Magistrate Judge's R&R, Plaintiff's lack of standing is clear. Hence, the Magistrate Judge erred, as a matter of law, in recommending otherwise. The R&R should be rejected and Plaintiff's Complaint should dismissed, in its entirety.

Defendants submit this Reply, however, to address two arguments Plaintiff offered, for the first time, in his response to Defendants' objections, filed on July 23, 2019 (the "Response"). [Doc. No. 33.][1] As discussed below, one of Plaintiff's new arguments actually *supports Defendants' position*, and further proves the point as to why Plaintiff lacks standing to sue as a third-party beneficiary of the Selling Agreement at issue. The other new argument is simply

---

[1] In his July 24, 2019, letter to Chambers, Plaintiff stated that "neither Federal Rule of Civil Procedure 72 or the Court's Local Rules permit a reply brief for the Defendants' Objection without leave of Court …." That is incorrect. Such rules do not mention reply briefs. Hence, replies are neither expressly permitted *nor prohibited*. In practice, however, this Court has regularly considered reply briefs filed by an objecting party in ruling upon an R&R. See, e.g., Bumgarner v. Ford Motor Gen. Ret. Plan, 2016 U.S. Dist. LEXIS 95941, *2 (S.D. Ohio, July 22, 2016) (Dlott, J.) (court noted that it considered the defendants' "reply in support of their objections"); Waldman v. Pitcher, 2011 U.S. Dist. LEXIS 104610, *1 (S.D. Ohio, Sept. 15, 2011) (Dlott, J.) (same).

Defendants submit that the instant reply is, likewise, properly considered here. Nonetheless, to the extent the Court believes leave is required, Defendants respectfully request leave to file the instant reply, *instanter*. Such leave is clearly appropriate given that: (1) Plaintiff's response to the Objections raised new arguments for the first time; and (2) the reply is limited to addressing Plaintiff's new arguments.

misplaced, and is premised on a mischaracterization of both the contents of the R&R and Defendants' Objections thereto.

### A. FINRA Rule 2320(g)(1), Invoked By Plaintiff, Demonstrates That Plaintiff Cannot Be A Third-Party Beneficiary Of The Selling Agreement.

*First*, Plaintiff argues in the Response (for the first time) that FINRA Rule 2320(g)(1) somehow supports his claimed status as a third-party beneficiary of the Selling Agreement. In fact, just the opposite is true. Such rule demonstrates that Plaintiff cannot seek to enforce the Selling Agreement as a third-party beneficiary, lest the agreement be rendered void and/or unenforceable due to a violation of clear regulatory requirements.

As Plaintiff notes, FINRA Rule 2320(g)(1) states, in pertinent part, that: "no associated person [i.e., registered representative] of a [FINRA] member [broker-dealer] shall accept any compensation from anyone other than the member with which the person is associated." As Plaintiff additionally asserts, this rule means that "Ohio National was **prohibited** under applicable Financial Industry Regulatory Authority (FINRA) rules from paying any commissions directly to representatives" like Plaintiff. [Response to Objections, at 4 (emphasis by Plaintiff).] *Precisely*.

The cited rule proves *Defendants'* point. The Selling Agreement is devoid of any language evincing a clear intent to directly and/or primarily benefit individual representatives, like Plaintiff, with the payment of commissions—as necessary for third-party beneficiary status under Ohio law. Had it done so, the Selling Agreement *would have violated the very FINRA Rule Plaintiff purports to invoke*.

As a result, Plaintiff's effort in this case to recover ***from Ohio National*** commissions allegedly *owed to Triad* under the Selling Agreement is barred by the language of FINRA Rule

2

2320(g)(1).  Under that rule, Plaintiff, as a registered representative, is forbidden from even "accept[ing]" the very commissions he now seeks to recover by way of this lawsuit.

Of course, courts refuse to enforce illegal contracts, and they avoid construing contracts in such a way as to render them illegal.  See, e.g., Rinehart v. Martin, 2013 Ohio App. LEXIS 5165, *7 (11th Dist. Ct. App. Nov. 12, 2013) ("Courts of law and courts of equity will decline to enforce obligations created by contract if the contract is illegal or the consideration given is illegal, immoral, or against public policy"); Kebe v. Nutro Machinery Corp., 30 Ohio App. 3d 175, 177 (8th Dist. 1985) ("In construing an agreement, the court should prefer a meaning which gives it vitality rather than a meaning which renders its performance illegal or impossible").

As a result, Plaintiff's position only further demonstrates what is obvious from the language of the Selling Agreement:  Plaintiff is not an intended third-party beneficiary.  For this additional reason, Plaintiff lacks standing to enforce the Selling Agreement's commission-related provisions.

**B.     Defendants' Objections To The R&R Are Sufficiently "Specific."**

Second, Plaintiff disingenuously argues that Defendants have "waived" their objections and "forfeited" their right to *de novo* review because their objections are not sufficiently "specific."  That is nonsense.

As the Court can readily see, Defendants asserted multiple objections to the Magistrate Judge's reasoning and analysis in reaching the conclusion that Plaintiff somehow possesses standing to assert his various claims.  Such reasoning and analysis encompasses a total of approximately *2.5 pages* of the 17-page R&R.  [Doc. No. 26.]  The rest of the R&R consists of a summary of background information, a statement of the standard of review, a lengthy recitation

of the parties' respective positions and arguments, and a discussion of consolidation of this case with Browning. [Id.] That's it.

The Magistrate Judge's limited analysis of and conclusion as to the key issue—i.e., Plaintiff's purported standing as a third-party beneficiary of the Selling Agreement—is premised almost entirely on *dicta* in a footnote in Commonwealth Equity Services, LLC v. Ohio Nat'l Life Ins. Co., 2019 U.S. Dist. LEXIS 57064, at *13 n.3 (D. Mass., Apr. 3, 2019). Defendants squarely addressed and took issue with such analysis in their Objections. [Doc. No. 32 at PAGEID#298-309.] They did the same with respect to the R&R's conclusion that Plaintiff has asserted a viable unjust enrichment "claim." [Id. at PAGEID#309-12.]

Put simply, Defendants explained—in significant detail—"how" and "why" the Magistrate Judge's conclusion that Plaintiff has standing is legally wrong. At bottom, the Magistrate Judge misapplied both controlling Ohio law and the express language of the Selling Agreement.

Nothing more is required, even under the standard Plaintiff seeks to create at page 5 of his Response. Defendants' Objections explain in detail "how the [R&R's] analysis is wrong, why it was wrong and how *de novo* review will obtain a different result[.]" [Response at 5.] They also compel rejection of the R&R and dismissal of Plaintiff's Complaint.

4

        Respectfully submitted,

        /s/ Marion H. Little, Jr.
        Marion H. Little, Jr.   (0042679)
        Trial Attorney
        Christopher J. Hogan   (0079829)
        ZEIGER, TIGGES & LITTLE LLP
        3500 Huntington Center
        41 South High Street
        Columbus, Ohio  43215
        (614) 365-9900
        (Fax) (614) 365-7900
        little@litohio.com
        hogan@litohio.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 29, 2019, a copy of the foregoing was filed electronically with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all counsel of record to this action

        /s/ Marion H. Little, Jr.
        Marion H. Little, Jr.   (0042679)

414-033:822669

5